**Amadu Korka JALLOH, Petitioner,**

v.

**GONZALEZ,[1] Respondent.**

**No. 04–3181.**

United States Court of Appeals, Second Circuit.

March 29, 2006.

---

Thomas V. Massucci, New York, NY, for Petitioner.

Frances C. Trapp, Assistant United States Attorney (Jonathan S. Gasser, United States Attorney, District of South Carolina, on the brief), Columbia, SC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER,[2] District Judge.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 29th day of March, two thousand six.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is hereby **DENIED.**

Amadu Korka Jalloh ("Jalloh") petitions this Court pursuant to section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, for review of a May 18, 2004, decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed an Immigration Judge's ("IJ") March 18, 2003, decision denying Jalloh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering his removal from the United States. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2. The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

Where the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's factual findings, including a negative credibility finding, "under the substantial evidence standard .... [under which] a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Id.* at 307 (internal citation and quotation marks omitted).

Here, the IJ's decision turned on a negative credibility finding based on a number of factors. Most importantly, the IJ found Jalloh not credible because, according to testimony from an analyst at the Forensics Document Laboratory of the Department of Homeland Security, the birth certificate he submitted to establish his identity was counterfeit, and because Jalloh lied to the IJ about his arrest record (concealing the fact that he had three previous arrests) and, during these arrests, gave false personal information to the arresting officers. While this is a close case, given various errors in the IJ's other putative grounds and given that Jalloh did submit some documentary corroboration of his claim, we conclude that the IJ's two principal grounds constituted "substantial evidence" for a negative credibility determination. We further affirm the IJ's holding that, given Jalloh's lack of testimonial credibility, he failed to establish eligibility for withholding of removal or CAT relief.

For the foregoing reasons the petition for review and motion for stay of removal are **DENIED**.